UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE WILLIAMS,<br><br>                                    Petitioner,<br><br>v.<br><br>RAYTHEL FISHER,<br><br>                              Respondent. | Case No.:  23-cv-423-TWR (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING REQUEST TO PROCEED *IN FORMA PAUPERIS*,**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL, AND**<br><br>**(3) NOTIFYING PETITIONER OF OPTIONS TO AVOID DISMISSAL OF PETITION**<br><br>(ECF Nos. 1–3) |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Petitioner has also filed a Motion to Proceed *in Forma Pauperis* and a Motion to Appoint Counsel.  (ECF Nos. 2–3.)

## REQUEST TO PROCEED *IN FORMA PAUPERIS*

Petitioner has $1.13 in his trust account, (ECF No. 2 at 5), and cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's Motion to Proceed *in Forma Pauperis*.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MOTION TO APPOINT COUNSEL

Petitioner's Motion to Appoint Counsel states in full: "Could you please appoint me counsel on this writ of habeas corpus." (ECF No. 3 at 1.)  While district courts are provided with statutory authority to appoint counsel in a federal habeas case when a petitioner is financially eligible and "the court determines that the interests of justice so require" pursuant to 18 U.S.C. §3006A(a)(2)(b), the Ninth Circuit has held that "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  A determination whether appointment of counsel is necessary in this action to prevent a due process violation is premature.  Petitioner's Motion to Appoint Counsel is therefore **DENIED** without prejudice to renewal at a later stage of these proceedings.

### EXHAUSTION OF STATE COURT REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies.  *See* 28 U.S.C. § 2254(b)–(c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.").  "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citation omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  The claims presented in the federal courts must be the same as those exhausted in state court and the petitioner must also allege, in state court, how one or more of his federal rights have been violated.  *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first

1   opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does

2   it make sense to speak of the exhaustion of state remedies.  Accordingly, we have required

3   a state prisoner to present the state courts with the same claim he urges upon the federal

4   courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If state courts are to

5   be given the opportunity to correct alleged violations of prisoners' federal rights, they must

6   surely be alerted to the fact that the prisoners are asserting claims under the United States

7   Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state

8   court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he

9   must say so, not only in federal court, but in state court.").

10         Of the four claims presented in his Petition, Petitioner indicates he has raised claims

11   one and two in the California Supreme Court but has not raised claims three and four in

12   that Court.  (*See* ECF No. 1 at 8, 12–13, 17.)  In *Rose v. Lundy*, 455 U.S. 509 (1982), the

13   United States Supreme Court adopted a "total exhaustion rule," which requires federal

14   courts to dismiss habeas petitions brought pursuant to § 2254 that contain unexhausted

15   claims.  *Id*. at 522.  But because the one-year statute of limitations imposed on § 2254

16   habeas petitions after *Rose* was decided created a risk that a claim dismissed under *Rose*

17   would become time-barred, the Supreme Court and the Ninth Circuit have approved of

18   procedures by which a petition can be stayed while the petitioner returns to state court to

19   exhaust.  Those procedures are detailed below.

20         The following options are available to Petitioner to avoid a future dismissal for

21   presenting a Petition with unexhausted claims.

22   ## I.    First Option:  Demonstrate Exhaustion

23         Petitioner may file a document in which he alleges he has exhausted all claims in the

24   Petition.  If Petitioner chooses this option, the document is due no later than **April 20,**

25   **2023**.

26   / / /

27   / / /

28   / / /

## II.      Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust the unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year to file his federal petition from the date his conviction becomes final, unless he can show that statutory or equitable "tolling" applies.[1]

The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *cf. Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither

---

[1] 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

"properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993.   However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending.   *Duncan*, 533 U.S. at 181–82.

If Petitioner chooses this second option, he must file a voluntary dismissal with this Court no later than **April 20, 2023**.

### III.   Third Option:  File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims.   Petitioner has two procedures potentially available: (1) the stay and abeyance procedure, and (2) the withdrawal and abeyance procedure.

Under the stay and abeyance procedure, a federal habeas court may grant a stay when (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."   *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In order to use the withdrawal and abeyance procedure, a petitioner must voluntarily withdraw his unexhausted claims, ask the Court to stay the proceedings and hold the fully exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete.   *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009).   Although this procedure does not require Petitioner to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the claim(s) in the fully exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claim(s).   *Id.* at 1141 (quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005)).

If Petitioner chooses this third option, he must file a motion for a stay of his Petition no later than **April 20, 2023**.

/ / /

## **CONCLUSION AND ORDER**

For the foregoing reasons, Petitioner's Motion to Proceed *in Forma Pauperis* is **GRANTED**, Petitioner's Motion to Appoint Counsel is **DENIED** without prejudice, and Petitioner is **NOTIFIED** that his Petition as currently drafted is subject to dismissal for failure to allege exhaustion of state court remedies as to all claims presented. If Petitioner wishes to proceed with this matter, he must, on or before **April 20, 2023**, notify the Court of which of the options outlined above he chooses. *If Petitioner fails to timely notify the Court of which option he chooses, this action will be dismissed without prejudice for failure to allege exhaustion of state court remedies as to all claims in the Petition.*

**IT IS SO ORDERED**.

Dated:  March 20, 2023

Honorable Todd W. Robinson
United States District Judge