UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE WILLIAMS,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>RATHEL FISHER,<br><br>　　　　　　　　　Respondent. | Case No.: 23-CV-423-TWR-WVG<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>[Doc. No. 16] |

On August 15, 2023, Petitioner Tommy Lee Williams ("Petitioner"), proceeding *pro se* in this habeas corpus action, sent a letter to this Court requesting assistance of counsel. Doc. No. 16. The Court construes Petitioner's letter as a Motion to Appoint Counsel.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728. At this point in the proceedings, there has been no request for an evidentiary hearing or a determination that an evidentiary hearing is necessary and thus the decision whether to appoint counsel is discretionary.

"In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728–29. However, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights [and] [t]he district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)).

The Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an Answer or other responsive pleading to the Petition.[1] Thus, Petitioner has sufficiently represented himself to date. Moreover, it is too early in the proceedings for the Court to determine whether Petitioner has any likelihood of success on the merits.

---

[1] Although the Court initially informed Petitioner his Petitioner was subject to dismissal for failure to allege exhaustion of state court remedies, Petitioner further demonstrated his ability to sufficiently represent himself by subsequently filing "Exhibits in Support of Petition," where he attached copies of state court orders denying him habeas relief. *See* Doc. Nos. 4–6.

Accordingly, the Court finds the interests of justice do not warrant the appointment of counsel in this case at this time, and the Court **DENIES** Petitioner's motion for appointment of counsel without prejudice.

**IT IS SO ORDERED**.

Dated: August 17, 2023

_____
Hon. William V. Gallo
United States Magistrate Judge