UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE WILLIAMS,<br><br>                  Petitioner,<br><br>v.<br><br>RAYTHEL FISHER, Warden,<br><br>                  Respondent. | Case No.: 3:23-cv-00423-TWR-VET<br><br>**REPORT AND RECOMMENDATION FOR ORDER DISMISSING PETITION FOR LACK OF JURISDICTION WITH LEAVE TO AMEND AND DENYING MOTION TO DISMISS AS MOOT**<br><br>**[Doc. No. 14]** |

This Report and Recommendation is submitted to the Honorable Todd W. Robinson, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1.d. and HC.2.

**I.  INTRODUCTION**

Pursuant to 28 U.S.C. § 2254, Petitioner Tommy Lee Williams filed a Petition for Writ of Habeas Corpus, challenging his conviction and sentence entered on December 18, 2009 (the "Petition"). Doc. No. 1. On August 16, 2023, Respondent moved to dismiss the Petition as barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1). Doc. No. 14. On October 10, 2023, Petitioner filed an Opposition to Respondent's Motion to Dismiss. Doc. No. 28.

For the reasons discussed herein, the Court **RECOMMENDS** the District Court **DISMISS** the Petition for lack of jurisdiction with **LEAVE TO AMEND** and **DENY** Respondent's Motion to Dismiss as moot.

## II.    PROCEDURAL BACKGROUND

### A.    The December 2009 Judgment and Subsequent Amendment

On April 29, 2009, a state court jury convicted Petitioner of attempted murder, torture, spousal abuse, false imprisonment, criminal threats, and violating a protective order. Doc. No. 15-1 at 253–58.[1] In connection with certain offenses, the jury also found that Petitioner personally inflicted great bodily injury and used a deadly weapon. *Id.* at 253, 255–57. On December 18, 2009, the state court sentenced Petitioner to life in prison (with the possibility of parole), plus a 15-year prison sentence to run concurrently (the "December 2009 Judgment"). *Id.* at 336–39. The state court remanded Petitioner to the custody of the sheriff to begin serving his sentence. *Id.* at 337.

On August 9, 2011, the California Court of Appeal affirmed the December 2009 Judgment in full in an unpublished opinion. Doc. No. 15-9. On October 19, 2011, the California Supreme Court denied Petitioner's petition for review. Doc. No. 15-11.

On July 21, 2023 and July 24, 2023, pursuant to California Penal Code § 1170.91(b), Petitioner filed in state court a Petition for Resentencing Based on Health Conditions Due to Military Service (collectively, the "Resentencing Petition").[2] Doc. No. 36-1 at 1–10, 103. Therein, Petitioner sought a recall of the December 2009 Judgment and requested resentencing based on qualifying mental health disorders. *Id.* Petitioner's Resentencing Petition was partially successful.

---

[1] For all citations to documents lodged or filed in the Court's case management/electronic case filing system ("CM/ECF"), the Court refers to the page numbers generated by CM/ECF rather than the page numbers on the original document.

[2] On January 29, 2024, at the Court's request, Respondent lodged the Resentencing Petition in Case No. SCN 236445 and corresponding judgment. *See generally* Doc No. 36.

On August 10, 2023, the state court modified Petitioner's sentence—reducing his sentence for attempted murder from 15 years to 12 years—and amended the December 2009 Judgment accordingly (the "August 2023 Judgment"). Doc. No. 36-2 at 1 ("Felony Abstract of Judgment is amended forthwith."). The state court remanded Petitioner into the custody of the sheriff pursuant to the August 2023 Judgment. *Id.*

### B.  Petitioner's Prior Habeas Petitions

Petitioner previously challenged the December 2009 Judgement in both state and federal court. Petitioner's prior habeas petitions have all been adjudicated and denied on various grounds. Chronologically, Petitioner's previous habeas petitions are as follows:[3]

1. State habeas petitions filed in San Diego County Superior Court on February 4, 2020 and February 4, 2021, respectively, Case No. HCN1697, and denied on February 10, 2021. Doc. Nos. 5 at 3, 15-12, and 15-13. A subsequent Request to Reconsider Petition denied on March 22, 2021. Doc. No. 5 at 5–6.

2. Federal habeas petition filed in United States District Court, Southern District of California on April 14, 2021, amended on October 14, 2021, and dismissed without prejudice on October 25, 2021. Doc. No. 1 at 7; *see also Williams v. Fisher*, No. 3:21-cv-01167-CAB-WVG.

3. State habeas petition filed in California Supreme Court on November 22, 2021, Case No. S271910, and denied on March 30, 2022. Doc. Nos. 15-14 and 15-15.

4. State habeas petition filed in California Supreme Court on January 10, 2022, Case No. S272638, and denied on March 30, 2022. Doc. Nos. 15-16 and 15-17.

---

[3] For ease of reference, and unless otherwise indicated, filing dates identified herein refer to the date a court received the pleading rather than the date the pro se prisoner delivered the pleading to prison authorities for mailing. *See* Fed. R. App. P. 25(a)(2)(C) ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing."). Any distinction between the two dates does not impact the Court's analysis.

| | |
|---|---|
| 1 | 5. Federal habeas petition filed in United States District Court, Southern District of California on April 14, 2022 and dismissed without prejudice on August 2, 2022. Doc. No. 1 at 5; *see also Williams v. Fisher*, No. 3:22-cv-00524-GPC-NLS. |

5. Federal habeas petition filed in United States District Court, Southern District of California on April 14, 2022 and dismissed without prejudice on August 2, 2022. Doc. No. 1 at 5; *see also Williams v. Fisher*, No. 3:22-cv-00524-GPC-NLS.

6. State habeas petition filed in San Diego County Superior Court on October 14, 2022, Case No. HC25940, and denied on December 2, 2022. Doc. No. 15-18 at 23–27.

7. State habeas petition filed in California Court of Appeal, Fourth Appellate District, Division One, on February 3, 2023, Case No. D081576, and denied February 17, 2023. Doc. Nos. 15-18 at 22 and 15-19.

8. State habeas petition filed in San Diego County Superior Court on March 22, 2023, Case No. HCN1724, and denied June 23, 2023. Doc. No. 28 at 29–31.

**C.     The Petition and Respondent's Motion to Dismiss**

On March 6, 2023, Petitioner filed the instant Petition. Doc. No. 1. The face of the Petition attacks the December 2009 Judgment. *Id.* at 1. Petitioner asserts four grounds for relief based on claims of prosecutorial and police misconduct, ineffective assistance of counsel, and judicial misconduct. *Id.* at 8–20. On August 16, 2023, Respondent moved to dismiss the Petition as untimely. Doc. No. 14. On October 10, 2023, Petitioner filed an Opposition. Doc. No. 28.

**III.   DISCUSSION**

**A.     This Court Lacks Jurisdiction to Entertain the Instant Petition**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because subject matter jurisdiction "involves a court's power to hear a case," it "can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Therefore, "courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*; *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press"); *Cal.*

*Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").

Pursuant to 28 U.S.C. § 2254(a), a federal court has jurisdiction to "entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (citing 28 U.S.C. §§ 2241(c)(3), 2254(a)). The Supreme Court interprets this "in custody" statutory language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91; *see also Gonzalez v. Sherman*, 873 F.3d 763, 768 (9th Cir. 2017) ("an application for writ of habeas corpus by a state prisoner is inextricably bound to the judgment pursuant to which the prisoner is being held because '[a] § 2254 petitioner is applying for something: his petition seeks invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement'"). "Because Section 2254(a)'s 'in custody' requirement is jurisdictional, it is the first question we must consider." *Munoz v. Smith*, 17 F.4th 1237, 1240 (9th Cir. 2021) (internal quotations omitted) (quoting *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010)); *see also Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005) (citing *Maleng*, 490 U.S. at 490–91) ("This 'in custody' requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is 'under the conviction or sentence under attack at the time his petition is filed.'").

In terms of identifying the relevant sentence under attack, the "sentence is the judgment in a criminal case." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)); *see also Gonzalez*, 873 F.3d at 770 ("Under California law, the judgment of conviction is an oral pronouncement at sentencing."). "As such, a change to a defendant's sentence is a change to his judgment." *Gonzalez*, 873 F.3d at 769. That change, in turn, results in a new judgment. *See Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012) (holding that an "amended judgment," including one that leaves convictions and sentences on certain counts unchanged, constitutes a "new judgment"); *see*

*also Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (in the context of examining successive petitions, concluding that "when a defendant is resentenced, he has received a new judgment").

Here, Petitioner filed the Petition on March 6, 2023, attacking and while in custody under the December 2009 Judgment.[4] Doc. No. 1 at 1. Subsequently, on August 10, 2023, the state court heard oral argument on Petitioner's Resentencing Petition and, on the same date, orally modified Petitioner's sentence. Doc. No. 36-2. Specifically, the state court changed the duration of Petitioner's sentence (reducing his sentence for attempted murder from 15 years to 12 years) and issued an amended judgment. Doc. No. 36-2 at 1 ("Felony Abstract of Judgment is amended forthwith."). As a result, the August 2023 Judgment constitutes a new judgment. *See Smith*, 871 F.3d at 687; *see also King v. Bird*, No. 3:22-cv-00031-TWR-MDD, 2023 U.S. Dist. LEXIS 6322, at *6–7 (S.D. Cal. Jan. 12, 2023) (holding that denial of resentencing petition filed pursuant to Cal. Penal Code § 1170.91 "constitutes a new judgment"). Moreover, on August 10, 2023, the state court remanded Petitioner to the custody of the sheriff pursuant to the August 2023 Judgement. Doc. No. 36-2 at 1. As a result, Petitioner is currently "in custody" under the August 2023 Judgment, not the December 2009 Judgment.

Accordingly, because Petitioner is not presently "in custody" under the judgment under attack in the Petition, *i.e.*, the December 2009 Judgment, this Court lacks jurisdiction to entertain the Petition. Nevertheless, for the reasons discussed below, leave to amend is appropriate in this case.

---

[4]  The Court notes that Petitioner refers to a "military resentencing" filed on August 27, 2019 as part of his allegations in Grounds Three and Four of the Petition. *See* Doc. No. 1 at 13–20. Based on the record before the Court, it is unclear if or how this "military resentencing" relates to the Resentencing Petition, filed in July 2023.

### B. Leave to Amend is Warranted

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Pursuant to Federal Rule of Civil Procedure 15, the Court should give leave to amend "freely. . .when justice so requires." Fed. R. Civ. P. 15(a)(2). "The policy of allowing amendments 'is to be applied with extreme liberality.'" *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008) (citation omitted). Furthermore, "a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

Here, as explained above, Petitioner is presently in custody pursuant to a new judgment, *i.e.*, the August 2023 Judgement. While expressing no view on whether the new judgment cures the jurisdictional deficiencies identified herein and any timeliness objections, the Court concludes that giving Petitioner leave to amend the Petition to challenge the new judgment is appropriate.

### IV. CONCLUSION

For the reasons stated above, this Court presently lacks jurisdiction over the Petition as currently pleaded. Therefore, the undersigned **RECOMMENDS** that the District Court enter an order: (1) adopting this Report and Recommendation, (2) dismissing the Petition for lack of jurisdiction with leave to amend; and (3) denying Respondent's motion to dismiss as moot.

**IT IS HEREBY ORDERED** that on or before **March 12, 2024**, any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation."

/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** that any reply to objections shall be filed and served **within seven (7) days** of the filing of the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998), *as amended on denial of reh'g* (Nov. 24, 1998).

**IT IS SO ORDERED**.

Date: February 23, 2024

_____
Honorable Valerie E. Torres
United States Magistrate Judge